### HARRIET PLANTE LaPLANTE
*vs.*
### AMERICAN FASTENER CO.

Superior Court          New Haven County          File No. 13181
(At Waterbury)

MEMORANDUM FILED NOVEMBER 6, 1939.

*Bronson, Lewis, Bronson & Upson,* of Waterbury, for Appellant.

*Francis A. Pallotti,* Attorney General; *Harry Silverstone,* Assistant Attorney General, for Appellee.

CORNELL, J. Appeal from a decision of the unemployment compensation commissioner for the Fifth District.

The reasons of appeal here are identical with those assigned

in No. 13180, *Blanche Dupre Adams vs. American Fastener Co.*, *infra*, p. 375. The observations made to that aspect of the proceedings need not be repeated here, but are equally applicable.

A fundamental distinction exists between the findings made in the two proceedings, however. In the *Adams* case it is apparent that at the time the plaintiff was released from employment, she was still capable of performing the duties called for in connection with the particular work which she had been designated to do; in the instant case, however, it is evident that the plaintiff (claimant) was unable to do even the very light work allotted to her and in recognition of that fact, voluntarily left the defendant's (respondent's) employment. The conclusion seems inescapable that she was not mentally or physically able to work and was not available for employment at that time, nor at the time she registered within the meaning of section 808d (a) (2) of the 1937 Supplement to the General Statutes. The commissioner's finding to the contrary is an unreasonable one and cannot be sustained. · As noted in the memorandum of decision in the *Adams* case, the fact that plaintiff's incapacity was the result of pregnancy in contradistinction to some other mental or physical condition or affliction, is immaterial.

Appeal sustained.